UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shari Machesney, individually and as
the representative of a class of similarly
situated persons,

    Plaintiff,

v.                                                                       Case No.: 10-10085

Lar-Bev of Howell, *et al.*,                        Honorable Sean F. Cox

    Defendants.

_____/

## ORDER DISMISSING
## ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff filed this putative class action on January 11, 2010, asserting that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"). (Compl. at ¶ 6). This action is one of two recently filed putative class actions asserting TCPA claims that has been assigned to this Court.[1]

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). This Court takes its obligation to investigate and police the boundaries of its jurisdiction very seriously, especially considering that a judgment may be vacated at any time, even on appeal, for lack of subject matter jurisdiction. *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1195 (6th Cir. 1988). Having

---

[1] It appears that Plaintiff's Counsel has also recently filed several other similar actions in the Eastern District of Michigan.

reviewed Plaintiff's complaint, the relevant provisions of the TCPA, and *Dun-Rite Construction, Inc. v. Amazing Tickets, Inc.*, 2004 WL 3239533 (6th Cir. 2004), this Court was not persuaded that it has subject matter jurisdiction over this action. Accordingly, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Docket Entry No. 3).

On January 21, 2010, Plaintiff filed a timely response to this Court's Order to Show Cause. (Docket Entry No. 5).

Having reviewed Plaintiff's response, and the limited Sixth Circuit authority on this issue, the Court concludes that it does not have subject matter jurisdiction over this action.

In *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 516 (3d Cir. 1998), the Third Circuit noted that "[e]very court of appeals to consider the question has held that the TCPA does not grant federal court jurisdiction" over private causes of action. The Third Circuit joined those circuits and affirmed the district court's order dismissing the plaintiff's TCPA claims for lack of subject matter jurisdiction.

In *Dun-Rite Construction, Inc.,* the plaintiffs filed suit in state court, asserting claims under the TCPA and consumer protection act claims. *Dun-Rite Construction, Inc. v. Amazing Tickets, Inc.*, 2004 WL 3239533 (6th Cir. 2004). Defendant then removed the action to federal court, asserting that federal-question jurisdiction existed over the TCPA claims. Plaintiffs then filed a Motion to Remand, arguing that the "district court lacked jurisdiction because private actions to enforce the TCPA must be heard in state court." *Id*. at *1. The district court granted the motion to remand and awarded plaintiffs attorney fees under 28 U.S.C. § 1447(c). The Sixth Circuit affirmed. In doing so, the court noted that an "award of fees is inappropriate where the defendant's attempt to remove the case to the federal court was fairly supportable." *Id*. at *2.

The court concluded, however, that Defendant "did not have an arguable basis for removal," explaining:

> Contrary to [Defendant's] argument on appeal, **state courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims are well-settled.** *See Murphy v. Lanier*, 204 F.3d 911, 915 (9th Cir. 2000); *ErieNet, Inc. v. Velocity Net, Inc*., 156 F.3d 513, 519 (3d Cir. 1998); *Foxhall Realty Law Office, Inc. v. Telepcomms. Premium Servs., Ltd.*, 156 F.3d 432, 434 (2d Cir. 1998); *Nicholson v. Hooters of Augusta, Inc*., 136 F.3d 1287, 1289 (11th Cir. 1998), modified in 140 F.3d 898 (11th Cir. 1998); and *Int'l Science & Tech. Inst., Inc. v. Houston Cellular Corp*., 131 F.3d 507, 514 (5th Cir. 1997).
>
> Upon review, we conclude that because [Defendant] filed a notice of removal asserting jurisdictional bases unsupported by existing law and maintained this tenuous position by opposing plaintiffs' motion to remand, the district court's award of attorney fees was not an abuse of discretion.

*Id*. (emphasis added).

A different panel of the Sixth Circuit recently commented about this jurisdictional issue again in *Charvat v. GVN Michigan, Inc*., 561 F.3d 623 (6th Cir. 2009). In *Charvat*, the plaintiffs asserted TCPA claims against defendants based on diversity jurisdiction. The district court *sua sponte* dismissed the action for lack of subject matter jurisdiction and plaintiffs appealed.

The Sixth Circuit assumed "without deciding that a federal court has diversity jurisdiction over private TCPA claims under § 1332 if the requirements of the diversity statute are met." *Id*. at 628. The Sixth Circuit did not decide the issue, however, because it concluded that the amount-in-controversy element was not met. The panel that decided *Charvat* expressed doubt as to the majority view as to whether federal-question jurisdiction exists over TCPA claims, albeit in *dicta* contained in a footnote:

> Charvat's complaint asserts subject-matter jurisdiction solely on the basis of the diversity statute, 28 U.S.C. § 1332. At no point in the proceedings has Charvat argued that another basis of jurisdiction, such as federal-question jurisdiction

under 28 U.S.C. § 1331, is applicable. The district court noted that federal-question jurisdiction was not available over private TCPA claims because Congress created a private right of action in state court. *GVN*, 531 F.Supp.2d at 925.

**We note that the existence or non-existence of federal-question jurisdiction over private TCPA claims is not a settled question. Although six federal circuit courts have concluded that federal courts do not have federal-question jurisdiction over private TCPA claims**, *Murphey v. Lanier*, 204 F.2d 911, 915 (9th Cir. 2000); *Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.*, 156 F.3d 432, 435 (2d Cir. 1998); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 519 (3d Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1289 (11th Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997); *Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.*, 106 F.3d 1146, 1156 (4th Cir. 1997), **a decision from the Seventh Circuit and then-Judge Alito's dissent from a Third Circuit opinion raise serious questions about the majority view**, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450-51 (7th Cir. 2005) (Easterbrook, J., joined by Posner & Rovner, J.J.); *ErieNet,* 156 F.3d at 521023 (Alito, J., dissenting). **Because, however, Charvat did not assert federal-question jurisdiction in his complaint and has not contested the district court's statement that federal-question jurisdiction was not present, we will not address this question here.**

*Charvat,* 561 F.3d at 627 n.2.

Given the Sixth Circuit's statements in *Dun-Rite Construction, Inc.*, along with the fact that the majority of the circuits that have addressed the issue have concluded that federal courts do not have federal-question jurisdiction over private TCPA claims, this Court concludes that it does not have subject matter jurisdiction over this matter. The Sixth Circuit, when ultimately presented with this issue, may disagree with the majority view. Based on the authority that currently exists today, however, this Court is not persuaded that it may exercise federal-question jurisdiction over this action.

Accordingly, IT IS ORDERED that this action is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

IT IS SO ORDERED.

                     <u>S/Sean F. Cox</u>
                     Sean F. Cox
                     United States District Judge

Dated: March 4, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 4, 2010, by electronic and/or ordinary mail.

                     <u>S/Jennifer Hernandez</u>
                     Case Manager