UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shari Machesney,

      Plaintiff,

v.                         Case No. 10-10085

Lar-Bev of Howell, Inc., *et al.*,      Honorable Sean F. Cox

      Defendants.

_____/

**<u>OPINION & ORDER</u>**

This action, brought under the Telephone Consumer Protection Act, is currently before the Court on "Defendants' Motion To Enter Judgment For Dismissal In Accordance With Their Offer Of Judgment Pursuant To FRCP 68 As The Matter Is Moot Pursuant To FRCP 12(b)(1)." (Docket Entry No. 78). Plaintiff has not filed any opposition to the motion and the time for doing so has long passed. The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument. As explained below, this Court concludes that Defendants' Rule 68 Offer of Judgment in this case provides Plaintiff with all relief that she sought in her Complaint, and all the relief that she could potentially obtain in this action. Accordingly, under *O'Brien v. Ed Donnelly Enters., Inc*., 575 F.3d 567, 574 (6th Cir. 2009)*,* this Court will enter judgment in her favor, in accordance with the Rule 68 offer of judgment, and dismiss the case as moot.

# BACKGROUND[1]

Plaintiff Shari Machesney ("Machesney") filed this putative class action, asserting claims under the Telephone Consumer Protection Act ("TCPA").  She is the only named plaintiff.

Machesney's Complaint alleges that Defendants Lar-Bev of Howell, Inc., Larbev, Inc., Larbev-Fention, Inc., Larbev-Union lake, Inc., and Larbev-Waterfordd, Inc., ("Defendants") violated the TCPA by sending her one unsolicited advertisement via her facsimile machine. Machesney's Complaint seeks the following relief: 1) certification of this action as a class action under Fed. R. Civ. P. 23; 2) an award of $500.00 in statutory damages, to be trebled if the act was wilful (Compl. at 4); and 3) that the Court enjoin Defendants from additional violations.

This Court denied Machesney's Motion for Class Certification in an Opinion & Order issued on April 22, 2013.  (Docket Entry No. 64).

Machesney filed a petition pursuant to Fed. R. Civ. P.23(f) for leave to appeal this Court's Order denying her Motion for Class Certification.  The United States Court of Appeals for the Sixth Circuit denied that petition in an Order issued on October 23, 2013.  (Docket Entry No. 70).

The Court was scheduled to hold the Final Pretrial Conference in this matter on February 18, 2014.  Shortly before that conference, Machesney filed a Motion for Summary Judgment (Docket Entry No. 73).

Machesney's Motion for Summary Judgment sought statutory damages of $500.00 for the one facsimile advertisement sent to her, and asked the Court to treble that award to $1500.00.

---

[1]The background of this case is more fully set forth in this Court's April 22, 2013 Opinion & Order (Docket Entry No. 64).  The Court includes here only those backgrounds facts relevant to the motion at issue.

(Docket Entry No. 73).

On February 18, 2014, the Court held a conference with the parties in this case, and two similar cases (Case No. 09-14444 & Case No. 09-14959).  At that conference, the parties agreed that: 1) Plaintiff was withdrawing her Motion for Summary Judgment; 2) any offers of judgment made pursuant to Fed. R. Civ. P. 68 would be made no later than February 28, 2014; and 3) and any Motions to Dismiss and/or Motions for Entry of Judgment, based upon offers of judgment in this action, would be filed no later than April 18, 2014.  (Docket Entry No. 75).

On February 28, 2014, Defendants filed an Order of Judgment (Docket Entry No. 77) that states:

> [Defendants,] "pursuant to Federal Rule of Civil Procedure 68 hereby make this offer to allow judgment to be taken against them, individually and jointly, in the total amount of One Thousand Five Hundred Dollars ($1,500.00).
> Further, these Defendants agree to pay for Plaintiff's costs through the date of acceptance of this offer of judgment.
> Further, these Defendants agree to submit to an injunction prohibiting them from sending any unsolicited facsimile advertisements in violation of the Telephone Consumer Protection Act, 47 USC §227.
> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Plaintiff Shari Machesney may file written notice accepting the offer within 14 days after service.
> This offer of judgment by the Defendants will satisfy the Plaintiff's entire demand and resolve the dispute pursuant to *Alliance to End Repression v. Chicago*, 820 F2d 873 (7th Cir. 1987).

(Docket Entry No. 77).  No acceptance of that offer appears on the docket.

On March 28, 2014, Defendants filed "Defendants' Motion To Enter Judgment For Dismissal In Accordance With Their Offer Of Judgment Pursuant To FRCP 68 As The Matter Is Moot Pursuant To FRCP 12(b)(1)." (Docket Entry No. 78).

Machesney has not filed any opposition to Defendants' motion and the time for doing so has long passed.

## ANALYSIS

The Sixth Circuit has held that an unaccepted offer of judgment, such as the offer of judgment here, can moot a case. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009). In that case, the Sixth Circuit held that "a Rule 68 Offer can be used to show that the court lacks subject-matter jurisdiction. *See Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (an offer of judgment that encompasses the relief claimed 'eliminates a legal dispute upon which federal jurisdiction can be based,' because '[y]ou cannot persist in suing after you've won')." *Id*. at 574. The Sixth Circuit explained "[w]e agree with the Seventh Circuit's view that an offer of judgment that satisfies a plaintiff's entire demand moots the case." *O'Brien*, 575 F.3d at 574. It "disagree[d], however with the Seventh Circuit's view that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand." *Id*. at 575. "Instead, we believe the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment, as the district court did in this case." *Id*.

Accordingly, under *O'Brien*, where the defendant has offered a Rule 68 offer of judgment that satisfies a plaintiff's entire demand, the district court should enter judgment in favor of the plaintiff in accordance with the Rule 68 offer of judgment and dismiss the case as moot.

Thus, this Court must consider whether Defendants' Offer of Judgment satisfies Machesney's entire demand.

The TCPA authorizes a private right of action for a person or entity who has received an unsolicited facsimile advertisement. A person or entity may recover $500.00 in statutory

damages for each unsolicited facsimile advertisement that was sent to it.  47 U.S.C. § 227(b)(3).
The Court has the discretion to treble the amount of the award, if it finds that the defendant
willfully or knowingly violated the Act.  *Id.*  In addition, a person or entity pursuing a private
action may seek to enjoin future violations.  *Id.*

Here, Machesney alleges that she received one unsolicited facsimile advertisement from
Defendants (*see* Complaint at ¶ 10) and she seeks statutory damages.  (*See* Comp. at 4, asserting
that a common issue of fact and law is whether "Plaintiff and the other members of the class are
entitled to statutory damages" ).  Thus, if this Court were to treble the $500.00 statutory damage
award provided under the Act, the most that Machesney could receive would be $1,500.00 in
monetary damages.

Defendants' Rule 68 Offer of Judgment provides that Defendants: 1) will pay $1,500.00
in damages to Machesney; 2) will pay costs through the date of acceptance; and 3)
agree to submit to an injunction prohibiting them from sending any unsolicited facsimile
advertisements in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

Notably, Machesney filed no opposition to the pending motion.

Moreover, this Court concludes that Defendants' Rule 68 Offer of Judgment in this case
provides Machesney with all relief that she sought, and all the relief that she could potentially
obtain in this action.  Accordingly, under *O'Brien,* this Court will enter judgment in her favor, in
accordance with the Rule 68 offer of judgment and dismiss the case as moot.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion is GRANTED
to the extent that the Court shall enter judgment in Machesney's favor, in accordance with the

Rule 68 offer of judgment, and dismiss this case as moot.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 14, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 14, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager