# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHARI MACHESNEY,

    Plaintiff,

-vs-                                                 No. 2:10-cv-10085-SFC-MJH
                                                     Hon. Sean F. Cox

LAR-BEV OF HOWELL, INC.;
LARBEV, INC.; LARBEV-FENTON, INC.;
LARBEV-UNION LAKE, INC.;
LARBEV-WATERFORD, INC.,

    Defendants.
_____

| | |
|---|---|
| Brian J. Wanca | Jason J. Thompson (P47184) |
| ANDERSON & WANCA | SOMMERS SCHWARTZ, P.C. |
| Attorney for Plaintiff | Attorney for Plaintiff |
| 3701 Algonquin Road, Suite 760 | 2000 Town Center, Suite 900 |
| Rolling Meadows, IL 60008 | Southfield, MI 48075 |
| (847) 368-1500 | (248) 355-0300 |
| | |
| Phillip A. Bock | John R. Prew (P41891) |
| BOCK & HATCH, LLC | Jason R. Mathers (P66022) |
| Attorney for Plaintiff | Gregory P. LaVoy (P73505) |
| 134 N. LaSalle Street, Suite 1000 | HARVEY KRUSE, P.C. |
| Chicago, IL 60602 | Attorney for Lar-Bev Defendants |
| (312) 658-5500 | 1050 Wilshire Drive, Suite 320 |
| | Troy, MI 48084 |
| | (248) 649-7800 |
| | jprew@harveykruse.com |

_____

## DEFENDANTS' MOTION FOR LEAVE TO DEPOSIT FUNDS WITH COURT PURUSANT TO FED. R. CIV. P. 67

Now Come Defendants, Lar-Bev of Howell, Inc., LarBev, Inc., LarBev-Fenton, Inc., LarBef-Union Lake, Inc., and LarBev-Waterford, Inc., by and through their attorneys, HARVEY KRUSE, P.C., and for their Motion for Leave to Deposit Funds with Court Pursuant to FED. R. CIV. P. 67, state as follows:

1. On July 14, 2014, this Court denied Plaintiff's request for class certification and then concluded that Plaintiff's case had become moot as a result of Defendants submitting an offer of judgment and tendering payment to Plaintiff; the Court entered judgment in favor of Plaintiff, Ms. Machesney, and dismissed the case. Defendants have repeatedly made efforts to tender payment to Plaintiff in satisfaction of the judgment, including most recently on February 8, 2016, by unconditionally sending a check to Plaintiff's counsel in full satisfaction of the judgment. Plaintiff has repeatedly refused these efforts.

2. Federal Rule of Civil Procedure 67(a) provides that in an action for money damages, by leave of the Court, a party "may deposit with the court all or part of the money or thing, whether or not that party claims any of it." See also E.D. Mich. Local Rule 67.1.

3. Defendants now move this Court for an Order permitting them to deposit with the Clerk of this Court funds in satisfaction of the judgment previously entered, which is appropriate given the facts and circumstances of this

2

matter. Defendants rely upon the statement of facts, legal authorities, and analysis set forth in the attached Brief in support of this Motion.

4. Pursuant to E.D. Mich. Local Rule 7.1, Defendants sought concurrence in this Motion from counsel for Plaintiff on March 18, 2016; as of the time of filing this Motion, concurrence was not achieved.

WHEREFORE, Defendants respectfully request that this Court GRANT its Motion for Leave to Deposit Funds with Court Pursuant to FED. R. CIV. P. 67, and ENTER AN ORDER permitting Defendants to deposit funds in satisfaction of the judgment with the Court under the standards set forth in FED. R. CIV. P. 67 and E.D. Mich. Local Rule 67.1.

                                                              Respectfully Submitted,

                                                              HARVEY KRUSE, P.C.

                                                              By:   */s/ Jason Mathers*
                                                                       John R. Prew (P41891)
                                                                       Jason Mathers (P66022)
                                                                       Gregory P. LaVoy (P73505)
                                                                       Attorneys for Defendants
                                                                       1050 Wilshire Drive, Suite 320
                                                                       Troy, MI 48084
                                                                       (248) 649-7800

Dated: March 18, 2016                               jprew@harveykruse.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARI MACHESNEY,

    Plaintiff,

-vs-                                                                                   No. 2:10-cv-10085-SFC-MJH
                                                                                                                         Hon. Sean F. Cox

LAR-BEV OF HOWELL, INC.;
LARBEV, INC.; LARBEV-FENTON, INC.;
LARBEV-UNION LAKE, INC.;
LARBEV-WATERFORD, INC.,

    Defendants.

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO DEPOSIT FUNDS WITH COURT PURUSANT TO FED. R. CIV. P. 67**

## **QUESTION PRESENTED**

I. Pursuant to Fed. R. Civ. P. 67, whether this Court should enter an order permitting Defendants to deposit disputed funds with this Court, in satisfaction of the judgment entered by this Court in favor of Plaintiff, Ms. Machesney.

*Defendants Answer*:  Yes.

## **CONTROLLING AUTHORITY**

Defendants move for an Order of this Court permitting the deposit of funds with the Clerk of the Court pursuant to **Fed. R. Civ. P. 67(a)**; see also **E.D. Mich. Local Rule 67.1**.

**CONCISE STATEMENT OF BACKGROUND FACTS**

This Court entered an Opinion and Order dismissing this action pursuant to Rule 12(b)(1) on July 14, 2014. (ECF Docket No. 81). This Court denied Plaintiff's request for class certification and then concluded that Plaintiff's case had become moot as a result of Defendants submitting an offer of judgment and tendering payment to Plaintiff, thereby mooting any Article III case and controversy. Plaintiff subsequently filed a Motion to Vacate that decision, which is currently pending.

Defendants have, on several occasions, tendered payment to Plaintiff (through her counsel) to resolve this matter and/or to satisfy the judgment of this Court. Initially, Defendants had an actual check made out to Plaintiff's counsel on **February 17, 2014**, and thereafter moved this Court to enter judgment in favor of Plaintiff, which this Court did. (See ECF Doc. No. 82; Wanca Check, **Ex. A**). Defendants sent a follow-up communication indicating that Defendant would cut a new check in the full judgment amount to Plaintiff and seeking to know where the check should be sent; upon information and belief, Plaintiff never responded. (Letter to Plaintiff, **Ex. B**). In addition, on **February 8, 2016**, Defendants submitted a new check in the amount of the judgment ($1,500.00) and in satisfaction of the judgment, to serve as final settlement of Ms. Machesney's TCPA claims. (See Letter & Check tendered by Defendants to Plaintiff, **Ex. C**).

This check was returned by Plaintiff on February 23, 2016. (See Pltf. Return Letter & Check, **Ex. D**).

Because Plaintiff has rejected Defendants' efforts to tender payment disputed in this matter, but which has otherwise been reduced to a judgment by this Court, Defendants now move this Court for an Order permitting them to deposit the disputed funds with the Clerk of this Court pursuant to Fed. R. Civ. P. 67.

## ARGUMENT AND LEGAL ANALYSIS

Federal Rule of Civil Procedure 67 permits the deposit of funds in dispute with the Clerk of the Court, and provides as follows:

> (a) Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Local Rule 67.1 clarifies the procedure by which the Clerk of this Court may accept funds for deposit:

> a) Deposit Order. The Clerk of Court shall accept only certified check, cashier's check or money order for deposit in an interest-bearing account. A proposed order directing the Clerk to deposit funds in an interest-bearing account shall include the following information:
>
> > (1) the amount to be invested; and
> >
> > (2) language which directs the Clerk to deduct from the account any fee authorized by the Judicial Conference of the United States.
>
> The proposed order shall be reviewed by the Clerk or his designee for approval as to form before it is submitted to the Judge. After signature, the movant shall personally serve a copy of the order on the

>Clerk or his designee who shall deposit the funds as soon as the business of the Clerk's Office allows.

Upon receipt of the funds, the court clerk deposits the money in an appropriate, interest-bearing account. See 28 U.S.C. § 2041; Fed. R. Civ. P. 67(b). The funds may be subsequently withdrawn by a party with an entitlement to the money on an order of the court. See 28 U.S.C. § 2042; see also E.D. Mich. Local Rule 67.1(b) (Withdrawal Order).

Rule 67 was amended in 1983 to include the phrase, "whether or not that party claims any of it," and applies where a sum of money is in dispute. See Notes of Advisory Committee on 1983 amendments, Fed. R. Civ. P. 67. "In addition to the advantages to the party making the deposit, the procedure gives other litigants assurance that any judgment will be collectable. The amendment is intended to accomplish that." *Id.*

Rule 67 may be used, for example, to secure the payment of a judgment into the court pending further disposition or an appeal. See, e.g., *E.E.O.C. v. Local 28 of Sheet Metal Workers Intern. Ass'n*, 247 F.3d 333 (2d Cir. 2001). Whether to allow deposit is within the discretion of the Court, see *Garrick v. Weaver*, 888 F.2d 687, 694 (10th Cir. 1989), and whether to use the rule is based on the particular facts of the case. See *Cajun Electric Power Coop., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990).

Given the history of this case, this Court should enter an Order permitting Defendants to deposit with the Clerk of the Court an amount in satisfaction of the judgment that this Court has entered. Plaintiff has, on multiple occasions, refused Defendants' offers and actual tenders of payment, including very recently on February 23, 2016 by returning the actual check made payable to Plaintiff and sent to her counsel. Defendants have, at all times, been willing and able to pay the judgment entered in favor of Ms. Machesney and thereby finally resolve this lawsuit.

Under the 1983 amendments to Rule 67, a deposit of disputed funds with the Court is appropriate *regardless of whether a party claims any portion of the money*. See Notes of Advisory Committee on 1983 amendments, Fed. R. Civ. P. 67. In fact, where a party disputes the propriety of payment is *precisely* a situation in which the Rule was designed to be used. Permitting a deposit ensures both that the judgment will be collectable by Plaintiff, while also demonstrating Defendants' willingness and ability to pay the judgment.

## RELIEF REQUESTED

WHEREFORE, Defendants respectfully request that this Court GRANT its Motion for Leave to Deposit Funds with Court Pursuant to FED. R. CIV. P. 67, and ENTER AN ORDER permitting Defendants to deposit funds in satisfaction of the

4

judgment with the Court under the standards set forth in FED. R. CIV. P. 67 and E.D. Mich. Local Rule 67.1.

          Respectfully Submitted,

          HARVEY KRUSE, P.C.

By: */s/ Jason Mathers*
John R. Prew (P41891)
Jason Mathers (P66022)
Gregory P. LaVoy (P73505)
Attorneys for Defendants
1050 Wilshire Drive, Suite 320
Troy, MI 48084
(248) 649-7800
jprew@harveykruse.com

Dated: March 18, 2016

---

**PROOF OF SERVICE**

The Undersigned certifies that the forgoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on March 18, 2016.

☐ US Mail    ☐ Fax
☐ Hand Delivered    ☐ UPS
☐ Fed. Express    ☒ E-file

Signature */s/ Gabriella Graziano*