## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

SHARI MACHESNEY, individually and       )
as the representative of a class of similarly  )
situated persons,                        )
                                         )
        Plaintiff,                    )   No. 10 CV 10085
                                         )
      v.                              )
                                         )
LAR-BEV OF HOWELL, INC., et al.          )
                                         )
        Defendants.                  )

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO DEPOSIT FUNDS WITH COURT PURSUANT TO FED. R. CIV. P. 67

NOW COMES plaintiff, Shari Machesney ("Plaintiff"), by and through her attorneys, and, she responds to the Motion for Leave to Deposit Funds With Court Pursuant to Fed. R. Civ. P. 67 filed by defendants Lar-Bev of Howell, Inc., Larbev, Inc., Larbev-Fenton, Inc., Larbev-Union Lake, Inc., and Larbev-Waterford, Inc.'s ("Defendants"), and respectfully requests the Court deny the motion. [D.E. 99].

Because Defendants are improperly attempting to use Rule 67 as a mechanism to prevent Plaintiffs from asserting class action claims, the Court should deny Defendant leave to deposit funds. Defendants are <u>not</u> seeking to use Rule 67 for its proper purpose—"to relieve a depositor of the burden of administering an asset"—but for the improper purpose of attempting to "moot" this putative class action. Essentially, Defendants are trying to make an end-run around

the Supreme Court's holding in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (Jan. 20, 2016), that a plaintiff "must be accorded a fair opportunity" to obtain class certification. Finally, the deposit would not have the desired effect of "mooting" Plaintiff's claim because, far from making it "impossible" for the Court to grant effectual relief, Defendants' strategy *depends* on the Court granting further relief in disbursing the money.

WHEREFORE, Plaintiff respectfully requests the Court deny Defendants' Motion for Leave to Deposit Funds With Court Pursuant to Fed. R. Civ. P. 67.


Dated: April 4, 2016                    Respectfully submitted,


                                        s/ Phillip A. Bock
                                        One of Plaintiff's attorneys


Jason R. Thompson                    Phillip A. Bock
SOMMERS SCHWARTZ, P.C.               Tod A. Lewis
2000 Town Center, Suite 900          BOCK & HATCH, LLC
Southfield, MI 48075                 134 N. La Salle St., Suite 1000
Telephone: 248/355-0300              Chicago, IL 60602
                                     Telephone: 312/658-5500
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

SHARI MACHESNEY, individually and )
as the representative of a class of similarly )
situated persons, )
                                          )
              Plaintiff,                  )   No. 10 CV 10085
                                          )
       v.                                 )
                                          )
LAR-BEV OF HOWELL, INC., et al.           )
                                          )
              Defendants.                 )

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR
LEAVE TO DEPOSIT FUNDS WITH COURT PURSUANT TO FED.
R. CIV. P. 67**

## <u>ISSUE PRESENTED</u>

Whether this Court should enter an order permitting Defendants to deposit funds with this Court, in satisfaction of the judgment previously entered?

Plaintiff's Answer:       **No, for the reasons stated in this Response to Defendants' Motion for Leave to Deposit Funds With Court Pursuant to Fed. R. Civ. P. 67.**

## <u>CONTROLLING OR APPROPRIATE AUTHORITY</u>

This case is controlled by the Supreme Court's holding in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (Jan. 20, 2016), that a plaintiff "must be accorded a fair opportunity" to obtain class certification.

## **INTRODUCTION**

Just two weeks ago, this Court issued an Order denying Defendants' motion to stay this case. [D.E. 98] The Court noted that "Defendants had made offers of judgment" under Rule 68, and then requested that this Court "dismiss the case as moot" which it did "based upon the Sixth Circuit's position regarding the mootness-by-unaccepted-offer-of-judgment theory." *Id.*, p. 2. Shortly thereafter, Plaintiff filed motions to vacate the judgments and reconsider class certification. *Id.* The case was stayed in September 2015. *Id.*

This Court noted that "on January 16, 2016, the Supreme Court issued its decision" in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (Jan. 20, 2016), "ruling that an unaccepted offer of judgment does not moot a plaintiff's case." *Id.*, p. 3. "As a result, Plaintiff's motions asking this Court to vacate the judgments issued in [this case] and reconsider class certification are now ripe for a decision by this Court." *Id.*

Now, Defendants have filed the present motion in what can only be described as an improper attempt to use Rule 67 as a mechanism to prevent this Court from reconsidering Plaintiff's class action claims. The Court should deny Defendants' motion for leave to deposit funds with the court because: (1) it is made for the improper purpose of avoiding class certification, rather than to relieve Defendants of the burden of administering an asset, (2) it is prohibited by

3

*Campbell-Ewald* because its sole purpose is to deny Plaintiff its opportunity for this Court to reconsider class certification, and (3) the deposit would not have the desired effect of "mooting" Plaintiff's claim because, far from making it "impossible" for the Court to grant effectual relief, Defendants' strategy *depends* on the Court granting further relief in disbursing the money.

## ARGUMENT

### I.   Rule 67 Should Not Be Used to Prejudice Plaintiff's Request that This Court Reconsider Its Prior Denial of Class Certification.

The Eighth Circuit has held that Rule 67 is only to be used where "a disputed res or 'sum of money' is deposited into the registry," and the court "holds the money in trust . . . for the benefit of whomsoever in the end it should be found to belong." *Baxter v. United Forest Prods. Co.*, 406 F.2d 1120, 1126 (8th Cir. 1969). A depositor may not use Rule 67 to "deprive" another party of its rights or limit the depositor's liability. *Id.* In *Baxter*, for example, the district court allowed the plaintiff to use Rule 67 to deposit money it was contractually obligated to pay the defendants under a purchase agreement, pending a decision in the plaintiff's lawsuit alleging the agreement was procured by fraud. *Id.* The Eighth Circuit vacated that order, holding the district court improperly allowed the plaintiff to use Rule 67 to avoid paying the defendants the money owed, while at the same time "seek[ing] to deprive defendants of their right to claim forfeiture or to sue for a

4

breach of contract." *Id.* The Eighth Circuit held, "Rule 67 was not intended for such a one- sided before-judgment consequence." *Id.*

Rule 67 is a procedural device that "was only intended to provide a place of safekeeping for disputed funds pending resolution of a legal dispute." *Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986); *see also Ray Legal Consulting Grp. v. DiJoseph*, 37 F. Supp. 3d 704, 729 (S.D.N.Y. 2014) (same). It was not intended "to provide a means of altering the contractual relationships and legal duties of each party." *Id.* Rule 67 "is not intended to allow a party to deposit monies into a court to avoid a breach of contract or create a fund to secure the satisfaction of a prospective judgment." *Tops Markets, LLC v. Brookgate Associates, LLC*, No. 07 CV 1620, 2007 WL 2156389, at *1 (N.D. Ohio July 23, 2007); *see also ArcelorMittal Cleveland Inc. v. Jewell Coke Co., L.P.*, No. 10-CV-00362, 2010 WL 5158869, at *1 (N.D. Ohio Dec. 14, 2010) (denying motion to deposit funds with the Court under Rule 67). But this is precisely what Defendants seek to do here.

Defendants' implicit aim is to use Rule 67 as a mechanism to moot Plaintiff standing to continue their motion to have this court reconsider its prior denial of class certification. This is contrary to the Supreme Court's recent decision in *Campbell-Ewald Co. v. Gomez*, __ U.S. __, 136 S. Ct. 663, 672 (2016), *as revised* (Feb. 9, 2016). *Gomez* held that an "unaccepted offer of judgment for full relief

5

cannot moot a plaintiff's claim and support entry of judgment." *Id. Gomez* also explained:

> Because Gomez's individual claim was not made moot by the expired settlement offer, that claim would retain vitality during the time involved in determining whether the case could proceed on behalf of a class. While a class lacks independent status until certified ... <u>a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted.</u>

136 S. Ct. at 672.

This statement would seem to foreclose any possibility that a defendant could moot a class action plaintiff's individual claim against the plaintiff's will to foreclose an "opportunity to show that certification is warranted," but Defendants' current motion is designed to do exactly that by mooting the case before this Court has an opportunity to reconsider class certification and vacate the prior judgments. 136 S. Ct. at 672. As this Court ruled two weeks ago, "Plaintiff's motions asking this Court to vacate the judgments issued in [this case] and reconsider class certification are now ripe for a decision by this Court." [D.E. 98, p. 3].

Following *Campbell-Ewald*, three district courts in other jurisdictions have denied defendants' attempts to use Rule 67 deposits for the same improper purpose. First, in *Brady v. Basic Research, LLC*, --- F.R.D. ---, 2016 WL 462916, at *1–2 (E.D.N.Y. Feb. 3, 2016), a putative consumer-fraud class action, the district court denied the defendants leave to deposit, holding

6

Rule 67 is merely a "procedural device" that is "intended to relieve a depositor of the burden of administering an asset" and "not to provide a means of altering the contractual relationships and legal duties of each party." The court reasoned that "Defendants seek Rule 67(a) permission to deposit funds into court to moot this case and not to relieve themselves of the burden of administering an asset," and "given the Supreme Court's directive that 'a would-be class representative with a live claim of her own *must be accorded a fair opportunity* to show that certification is warranted,'" the court would deny leave to deposit the money. *Id.* at *2.

Second, in *Bais Yaakov of Spring Valley v. Varitronics, LLC*, 2016 WL 806703, at *1 (D. Minn. Mar. 1, 2016), a putative TCPA class action involving unsolicited fax advertisements like this case, the district court denied the Rule 67 motion to deposit. The court followed *Brady* and held "[a]s the Supreme Court noted in *Campbell-Ewald*, a plaintiff who seeks to represent a class, 'must be accorded a fair opportunity to show that certification is warranted,'" and held "[a]s there is no purpose to the deposit defendant seeks to make other than to moot the case, and as Plaintiff has not

7

yet had a fair opportunity to show that class certification is warranted," the motion was denied. *Id.*[1]

Third, in *Bais Yaakov of Spring Valley v. Graduation Source, LLC*, 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016), the district court initially granted the Rule 67 motion to deposit, entered the injunction requested by the defendant, and ordered the plaintiff to show cause why it should not enter individual judgment in its favor. Following that briefing, and after the defendant made the deposit, the court reversed itself and vacated the prior order and the injunction. *Id.* The court reasoned that, although the defendant had made the deposit and the court had entered the injunction, the plaintiff's "individual claims remain live" because the court "has not entered judgment in favor of Plaintiff and has not, by 'express, written order' released the funds to Plaintiff." *Id.* With "a live claim remaining," the court held it was "bound by *Campbell-Ewald* to afford Plaintiff a fair opportunity to show that class certification is warranted." *Id.*

This case is indistinguishable from *Brady*, *Varitronics*, and *Graduation Source*. Defendants are not seeking to use Rule 67 to avoid "the burden of

---

[1] The *Varitronics* court noted that one district court in New York allowed a Rule 67 motion post- *Campbell-Ewald* in *Bais Yaakov v. Graduation Source, LLC*, No. 7:14-3232 (S.D.N.Y. 2016). As discussed below, that court later reversed itself and vacated the order.

administering an asset," but to use the Rule offensively to alter the legal rights and liabilities of the parties. Thus, allowing the deposit would be an improper use of Rule 67, and the Court should deny Defendants' Motion for Leave to Deposit Funds.

## II.    Defendants are attempting to make an end-run around *Campbell-Ewald*.

As the district courts held in *Brady*, 2016 WL 462916, at *2, *Varitronics*, 2016 WL 806703, at *1, and *Graduation Source*, 2016 WL 872914, at *1, the tactic of depositing money with the district court to "moot" a plaintiff's claim and avoid class certification flies in the face of the Supreme Court's holding in *Campbell-Ewald* that a putative class plaintiff "must be accorded a fair opportunity to show that certification is warranted." 136 S. Ct. at 672. Based on the fair-opportunity standard, the Supreme Court refused to "place the defendant in the driver's seat" on class certification by giving it unilateral authority to pay a few thousand dollars "to avoid a potential adverse decision, one that could expose it to damages a thousand-fold larger than the bid [the plaintiff] declined to accept." *Id.* The fair-opportunity standard is part of the holding of the case, notwithstanding Defendants' failure to even mention *Campbell-Ewald* anywhere in their motion.

Here, just two weeks ago this Court announced that the Plaintiff's request that this Court reconsider class certification was "ripe" for a ruling. [D.E. 98, p. 2]. Now, allowing Defendants to use a procedural device like Rule 67 to opt-out of

Rule 23 would deny Plaintiff a "fair opportunity" at class certification, and the Motion to Deposit Funds must be denied. *Brady*, 2016 WL 462916, at *2; *Varitronics*, 2016 WL 806703, at *1; *Graduation Source*, 2016 WL 872914, at *1.

### III.   The deposit would be futile because it would not "moot" Plaintiff's individual claim.

Under Rule 67, "leave to make the deposit will be refused if no purpose would be served by it." Wright & Miller, Fed. Practice & Procedure § 2991, at 59–62 (2d ed. 1997). Putting aside that attempting to "moot" a plaintiff's claim is not a proper purpose under Rule 67, Defendants' proposed deposit would not even have the effect they are apparently seeking. A claim is moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald*, 136 S. Ct. at 669.

But Defendants' motion to deposit is premised on the assumption that the court will grant further effectual relief by distributing the money to Plaintiff. [D.E. 99, pp. 8-9]; Fed. R. Civ. P. 67(b) ("Money paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041, 2042 and any like statute."); 28 U.S.C. § 2042 ("No money deposited in court under section 2041 of this title shall be withdrawn except by order of the court."); *Graduation Source*, 2016 WL 872914, at *1 (holding plaintiff's individual claim was not "moot" under *Campbell-Ewald*, even though deposit had been made and court had entered

10

injunction, because court had not yet entered judgment or ordered funds disbursed to plaintiff).

Since Defendants' apparent new strategy *depends* on the Court granting further "effectual relief" after the deposit is made, Defendants effectively admit the case would not be "mooted" by the deposit. Since mooting the case is the only apparent purpose Defendants has provided for the deposit, and the deposit would not "moot" anything, the Court should deny leave for the independent reason that "no purpose would be served by it." *Maher Eng'g*, 2014 WL 4979167, at *1.

## CONCLUSION

The Court should deny Defendants' Motion for Leave to Deposit Funds With Court Pursuant to Fed. R. Civ. P. 67 because: (1) it is made for the improper purpose of avoiding class certification, rather than to relieve Defendants of the burden of administering an asset, (2) it is prohibited by *Campbell-Ewald* because its sole purpose is to deny Plaintiff a "fair opportunity" for this Court to reconsider class certification, and (3) the deposit would not have the desired effect of "mooting" Plaintiff's claim because, far from making it "impossible" for the Court to grant effectual relief, Defendants' strategy *depends* on the Court granting further relief in disbursing the money.

Respectfully submitted,

SHARI MACHESNEY, individually and
as the representative of a class of similarly
situated persons,

s/ Phillip A. Bock

Jason R. Thompson                    Phillip A. Bock
SOMMERS SCHWARTZ, P.C.               Tod A. Lewis
2000 Town Center, Suite 900         BOCK & HATCH, LLC
Southfield, MI 48075                134 N. La Salle St., Suite 1000
Telephone: 248/355-0300             Chicago, IL 60602
                                    Telephone: 312/658-5500
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing motion and brief was served upon all counsel of record by the ECF system on April 4, 2016.

/s Phillip A. Bock