UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shari Machesney,

    Plaintiff,

v.                                          Case No. 10-10085

Lar-Bev of Howell, Inc., *et al.*,      Sean F. Cox
                                                          United States District Court Judge

    Defendants.
_____/

## ORDER DENYING
## DEFENDANTS' MOTION TO DEPOSIT FUNDS (D.E. No. 99)

    This action has a very long history, that need not be repeated here.  Three separate, but very similar, putative class actions were assigned to this Court at or around the same date:  1) *Machesney v. Lar-Bev of Howell, Inc., et al.* (Case No. 10-10085); 2) *APB Associates, Inc. v. Bronco's Saloon, Inc., et al.* (Case No. 09-14959); and 3) *Compressors Engineering Corp. v. Manufacturers Financial Corp. et al.* (Case No. 09-14444).  All three cases were filed by the same Plaintiff's counsel and assert claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

    Back in 2013, this Court denied motions for class certification in each of these cases.  Because this Court denied the motions for class certification, each of the three cases proceeded with respect to the named Plaintiff's individual claims.

    The Defendants in each of the three cases later filed motions, asking this Court to dismiss the case as moot because Defendants had made an offer of judgment that provided each of the named Plaintiffs with all the relief that they could potentially obtain if they prevailed at trial.

1

This Court ultimately granted those motions, based upon the Sixth Circuit's position regarding the mootness-by-unaccepted-offer-of-judgment theory. As a result, a judgment was issued in each of these three cases awarding the named plaintiff $1,500.00 in money damages.

Shortly thereafter, however, Plaintiffs filed motions in each case asking the Court to vacate the judgments and reconsider class certification in each case. Counsel for the parties later agreed that given that the United States Supreme Court was scheduled to hear a case that would resolve a circuit split on the viability of the mootness-by-unaccepted-offer-of-judgment theory in October of 2015, it would be best for the Court to take the motions under advisement until there was a ruling in that case. This Court agreed to do so.

On January 20, 2016, the Supreme Court issued its decision in *Campbell-Ewald v. Gomez* on January 20, 2016, ruling that an unaccepted offer of judgment *does not* moot a plaintiff's case. *Campbell-Ewald v. Gomez*, 136 S.Ct. 663 (2016).

On April 7, 2016, this Court issued an Opinion & Order in this action (D.E. No. 101) wherein the Court vacated the judgment issued in this case, reconsidered its prior ruling on class certification, and certified this action as a class action.

Shortly before that Opinion & Order was issued, Defendants filed a "Motion for Leave to Deposit Funds with Court Pursuant to Fed. R. Civ. P. 67" (D.E. No. 99). In that motion, Defendants ask the Court "for an Order permitting them to deposit with the Clerk of this Court funds in satisfaction of the judgment previously entered." (*Id*. at Pg ID 1826-27).

The Court finds that oral argument is not necessary. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without a hearing.

"Rule 67 is a rather unimportant rule" and there are not very many occasions for its use. It is most often used in interpleader cases. Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 2991 (2d ed. 1987). Leave to make a deposit under the rule "will be refused if no purpose would be served by it." *Id.*

Here, Defendants ask the Court "for an Order permitting them to deposit with the Clerk of this Court funds in satisfaction of the judgment previously entered." (*Id*.). Given the changed circumstances since the filing of the motion (i.e., that this Court has since *vacated the judgment* in this action), the Court shall DENY the motion. Moreover, as the individual Plaintiff rejected Defendants' offer of judgment and this action has since been certified as a class action, the Court cannot discern any purpose that would be served by allowing Defendants to deposit $1,500.00 with the Court.

Accordingly, IT IS ORDERED that Defendants' Motion for Leave to Deposit Fund with the Court Pursuant to Fed. R. Civ. P. 67 is DENIED.

IT IS SO ORDERED.

                                              S/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: May 18, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 18, 2016, by electronic and/or ordinary mail.

                                              S/Jennifer McCoy
                                              Case Manager