# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into among Plaintiff SHARI MACHESNEY, on behalf of herself and a settlement class of similarly-situated persons (identified herein as the Settlement Class), Defendants LAR-BEV OF HOWELL, INC., LAR-BEV, INC., LAR-BEV-FENTON, INC., LAR-BEV-UNION LAKE, INC., and LAR-BEV-WATERFORD, INC., and ARGONAUT GREAT CENTRAL INSURANCE COMPANY. This Agreement is entered into as of the date it is signed by the last of the Parties to sign it.

**WHEREAS**, Plaintiffs and Defendants are parties to a civil action *Shari Machesney, et al, individually and as the representative of a class of similarly situated persons v. Lar-Bev of Howell, Inc.*, Case No. 10-CV-10085, pending in the United States District Court of the Eastern District of Michigan (the Litigation); and

**WHEREAS**, Plaintiffs allege on behalf of themselves and a putative class that Defendants violated the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227, and FCC regulations by faxing advertisements without the prior express invitation or permission of Plaintiffs or the putative class members, or without a valid opt-out notice; and

**WHEREAS**, Defendants deny all liability for the claims made in the Litigation; and

**WHEREAS**, Plaintiffs' attorneys have investigated the relevant facts and researched the law relating to the Litigation, concluding, among other things, that 15,365 facsimile advertisements were sent by or on behalf of the Defendants to a list of 9,479 unique fax numbers on November 28, 2005, November 30, 2005, February 14, 2006, or February 15, 2006; and

**WHEREAS**, without admitting or conceding any wrongdoing or liability, and solely to avoid the inconvenience and expense of further litigation, Defendants have agreed to settle all

1

claims, demands, and liabilities between them, Plaintiffs, and the Settlement Class, including all claims that have been asserted, or could have been asserted, in the Litigation; and

**WHEREAS**, Argonaut and the Defendants have agreed to make available, subject to paragraph 6 below, Seven Million Six Hundred Eighty-Two Thousand Five Hundred Dollars ($7,682,500.00) to fund the settlement, which shall be available to pay class members who submit Valid Claims as further defined herein, to pay fees and out of pocket litigation expenses to Plaintiffs' counsel, to pay an Incentive Award to Plaintiffs, and to pay the costs of notifying the Settlement Class and administering the settlement (the Settlement Amount); and

**WHEREAS**, Plaintiffs and Class Counsel have concluded that the terms and conditions provided in this Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class as a means of resolving this Litigation, after considering: (1) the benefits the Settlement Class will receive under this settlement; (2) the fact that Defendants have demonstrated that they will vigorously oppose the claims asserted in the Litigation if the settlement is not approved; (3) the attendant risks, costs, uncertainties, and delays of litigation; (4) the risks, costs, uncertainties, and delays of prosecuting the case going forward; and (5) Defendants' limited ability to pay a settlement or judgment against them; and

**WHEREAS,** the settlement reduced to writing in this Agreement was negotiated among the Parties in good faith and at arm's length after extensive written and oral discovery and after a day-long mediation; and

**WHEREAS**, the Parties stipulate and agree that the claims of Plaintiffs and the entire Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

2

1.  Definitions.  As used in this Agreement the following capitalized terms have the meanings specified below. Unless otherwise indicated, defined terms include the plural as well as the singular.

a.  "Administrative Costs" means the reasonable and necessary fees and expenses incurred by the Class Action Settlement Administrator for all tasks the Class Action Settlement Administrator and any third parties perform in furtherance of the notice and administration of the settlement and to secure performance as set forth in this Agreement.

b.  "Agreement" means this Agreement of Settlement, including its attached Exhibits, which are incorporated herein by reference, duly executed by the Class Representatives, Class Counsel, Defendants, and Argonaut.

c.  "Attorneys' Fees" means such funds as may be awarded by the Court based on the settlement of the Lawsuit described herein to compensate Class Counsel as determined by the Court, as described more particularly in Section 11 of this Agreement.

d.  "Attorneys' Expenses" means reasonable out-of-pocket litigation expenses incurred by Plaintiff in prosecuting the Litigation.

e.  "Claim" means a request for relief pursuant to this Agreement submitted by or on behalf of a Settlement Class Member on a Claim Form filed with the Class Action Settlement Administrator in accordance with the terms of this Agreement.

f.  "Claim Deadline" means the date by which a Claim Form must be submitted electronically or postmarked to be considered timely. The Claim Deadline shall

be clearly set forth in the Preliminary Approval Order as well as in the Class Notice and the Claim Form.

g.  "Claim Form" means the document (in paper or electronic form) to be submitted by Claimants seeking payment pursuant to this Agreement, which shall be substantially in the form attached hereto as Exhibit A, that will be available through the Settlement Website with the use of a unique class member identifier contained on the notice as well as upon request from the Class Action Settlement Administrator.

h.  "Claims Period" means the ninety (90) day period of time during which a Settlement Class Member must submit a Claim Form to be eligible to receive monetary relief as part of the settlement.

i.  "Claimant" means a Settlement Class Member who submits a Claim Form for payment pursuant to this Agreement.

j.  "Class Counsel" means Phillip A. Bock of Bock & Hatch, LLC and Jason J. Thompson of Sommers Schwartz, P.C.

k.  "Class Notice" means the long form notice substantially in the form attached hereto as Exhibit B, to be sent by facsimile, and if unsuccessful after three attempts, by U.S. Mail, or available by request from the Class Action Settlement Administrator.

l.  "Class Representative" means, subject to Court approval, Plaintiff Shari Machesney.

m.  "Court" means the United States District Court of the Eastern District of Michigan.

n.  "Defendants" means Lar-Bev of Howell, Inc., Lar-Bev, Inc., Lar-Bev-Fenton, Inc., Lar-Bev-Union Lake, Inc., and Lar-Bev-Waterford, Inc.

o.  "Defendant's Counsel" means John Prew and Jason Mathers of Harvey Kruse, P.C.

p.  "Effective Date" means the fifth business day after the last of the following dates: (1) the Court has entered an order granting final approval of the Settlement Agreement and a final judgment dismissing the Litigation with prejudice as to Representative Plaintiff's and Settlement Class Members' claims against Settling Defendants; or, (2) if any class member has filed a timely objection, the time to appeal or to seek permission to appeal from the Court's approval of the Settlement Agreement has expired or, if appealed, approval of the Settlement Agreement has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review, or upon the denial of a writ of certiorari to review the order and final judgment.

q.  The "Facsimiles" mean the 15,365 facsimile advertisements that were allegedly sent by or on behalf of the Defendants to a list of 9,479 unique fax numbers on November 28, 2005, November 30, 2005, February 14, 2006, or February 15, 2006.

r.  "Final Judgment" means the "Final Judgment and Order of Dismissal" to be entered by the Court, which, among other things, fully and finally approves the settlement and dismisses the litigation with prejudice, and retains continuing jurisdiction over the interpretation, implementation, and enforcement of the

5

settlement. The proposed Final Judgment and Order of Dismissal is attached as Exhibit D.

s.  "Incentive Award" means any award sought by application to and approved by the Court that is payable to the Class Representative from the Settlement Amount to compensate her for her efforts in bringing the respective Lawsuit and achieving the benefits of this settlement on behalf of the Settlement Class.

t.  "Notice Date" means the date on which the Class Action Settlement Administrator disseminates the Class Notice consistent with the Preliminary Approval Order. The Notice Date shall commence seven (7) days after the Court's entry of the Preliminary Approval Order.

u.  "Party" or "Parties" means the Plaintiffs and Defendants in the Lawsuit.

v.  "Person" means a natural person, individual, corporation, partnership, association, government agency, or any other type of legal entity, whatsoever.

w.  "Plaintiff" means Shari Machesney.

x.  "Preliminary Approval Order" means the "Order Preliminarily Approving Class Action Settlement, Conditionally Certifying the Settlement Class, Providing for Notice and Scheduling Order," which is attached as Exhibit C.

y.  "Released Claims" means any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to Defendants' transmission

of the Facsimiles. Nothing herein is intended to release any claims that any governmental agency or governmental actor has against the Defendants.

z.  "Released Parties" means and includes Argonaut and the Defendants (and each of their current and former parent and subsidiary companies, affiliates, divisions, and branches thereof, their officers, directors, employees, insurers, reinsurers, adjusters, representatives, agents, predecessors, successors, attorneys, and assigns).

aa. "Settlement Administrator" means Class-settlements.com, subject to Court approval.

bb. "Settlement Fund" means the Seven Million Six Hundred Eighty-Two Thousand Five Hundred Dollars ($7,682,500.00) made available to fund the settlement.

cc. "Settlement Class" is defined as "All persons or entities who were sent one or more faxes on November 28, 2005, November 30, 2005, February 14, 2006, or February 15, 2006, offering "KFC Catering Prices," including "200 HOT WINGS" for $79.99 and a variety of "KFC'S FAMOUS SIDE DISHES," and identifying and [sic] a "Complaint Hotline" number of (718) 645-2021 Ext. 232 or (718) 360-1330 ext. 232." Excluded from the Settlement Class are: (a) Defendants and their present and former officers, directors, employees, shareholders, insurers, and their successors, heirs, assigns, and legal representatives; and (b) the Court and its officers.

dd. "Settlement Class Member(s)" means a member of the Class who has not been properly excluded from the Class.

ee. "Settlement Class Period" means the period from November 28, 2005, to February 15, 2006.

ff.  "Final Approval Hearing" means the hearing(s) to be held by the Court to consider and determine whether the proposed settlement as contained in this Agreement should be finally approved as fair, reasonable, and adequate, and whether the Final Judgment approving the settlement contained in this Agreement should be entered.

gg. "Settlement Website" means the website to be created for this settlement that will include information about the Lawsuit and the settlement, relevant documents, and electronic and printable forms relating to the settlement. The Settlement Website shall be activated no later than twelve (12) days after the Court enters the Preliminary Approval Order.

hh. "Unknown Claims" means Released Claims that Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might affect his, her, or its agreement to release the Released Parties or the Released Claims or might affect his, her, or its decision to agree, object, or not to object to the Settlement. Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law the provisions, rights and benefits of California Civil Code Section 1542, if any, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT

TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred, if any, by any law of any state or territory of the United Sates, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to California Civil Code Section 1542. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this section.

ii. "Valid Claim" means a Claim Form submitted by a Settlement Class Member that: (a) is submitted in accordance with the directions accompanying the Claim Form and the provisions of Section 7 of this Agreement; (b) is, on the initial submission, accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) is signed physically or by e-signature by a Settlement Class Member or Person with authority to sign for and bind a Settlement Class Member,; (d) is returned by facsimile, electronically or via mail and post-marked by the Claims Deadline, and is determined to be valid by the Class Action Settlement Administrator.

Other capitalized terms in this Agreement, but not defined above, shall have the meaning ascribed to them in this Agreement and the exhibits attached hereto.

> 2. <u>Settlement</u>. This Agreement is entered into to resolve all disputes between Defendants, Argonaut, Plaintiff, and the Settlement Class. The assertions, statements, agreements, and representations made herein are for purposes of settlement only and the Parties expressly agree that, if the settlement is not finally approved, this Agreement is null and void and may not be used by any of the Parties for any reason.

> 3. <u>The Settlement Class</u>. For purposes of settlement, the Parties agree that the Settlement Class shall be defined as:

> > All persons or entities who were sent one or more faxes on November 28, 2005, November 30, 2005, February 14, 2006, or February 15, 2006, offering "KFC Catering Prices," including "200 HOT WINGS" for $79.99 and a variety of "KFC'S FAMOUS SIDE DISHES," and identifying and [sic] a "Complaint Hotline" number of (718) 645-2021 Ext. 232 or (718) 360-1330 ext. 232..

Excluded from the Settlement Class are: (a) Defendants and their present and former officers, directors, employees, shareholders, insurers, and their successors, heirs, assigns, and legal representatives; and (b) the Court and its officers. The Parties further agree that Plaintiff may be appointed as "Class Representatives" and that Phillip A. Bock of Bock & Hatch, LLC and Jason J. Thompson of Sommers Schwartz, P.C. may be appointed as "Class Counsel."

> 4. <u>Preliminary Approval and Class Notice</u>. Plaintiffs will file an agreed motion for entry of an order preliminarily approving this settlement. Plaintiffs will request that the Court enter the Preliminary Approval Order in the form attached hereto as Exhibit C. Additionally, Plaintiffs will request that the Court approve a "Notice of Class Action and Proposed Settlement with Attached Claim Form" in the form attached hereto as Exhibit B, and request that the Court permit the Parties to send that notice to the Settlement Class identified on Exhibit 4 of the Expert

Report of Robert Biggerstaff dated March 24, 2009 (the Database), who have not opted out of the class by facsimile, and if unsuccessful after three (3) attempts, by U.S. Mail. A Settlement Website will be set up for class members to access the settlement documents, including the notice and claim form.

5.      The Settlement Fund. Argonaut has agreed to make the Settlement Fund available to settle this case on a common fund basis. Argonaut is not required to place all or any portion of the Settlement Amount into a separate bank account. Argonaut will not relinquish control of any money until payments are due. Argonaut agrees to satisfy all Valid Claims up to a maximum number of claims as there are Settlement Class Members. The Settlement Amount shall be used to pay: (1) Administrative Costs; (2) Valid Claims; (3) any award of Attorneys' Fees and Attorneys' Expenses to Class Counsel; and (4) any Incentive Award to the Class Representative. If after payment of all Administrative Costs, Attorneys' Fees, Attorneys' Expenses, and the Incentive Award, the total amount of Valid Claims exceeds the maximum settlement fund, then each respective Claimant's award shall be proportionately reduced. There are no unclaimed property rights or interest by Settlement Class Members who do not file Valid Claims. Claimants may seek payment by submitting a Valid Claim Form electronically, by facsimile, or by mail by the Claims Deadline. After payment of Administrative Costs, Attorneys' Fees, Attorneys' Expenses, the Incentive Award, and all Valid Claims, the remaining amount of the Settlement Fund reverts to Argonaut and Argonaut shall have no further obligation for payment of any amount of money for any purpose whatsoever.

6.      The Class Action Settlement Administrator. Subject to Court approval, Class-settlement.com (the Settlement Administrator) shall serve as the Class Action Settlement Administrator. The Settlement Administrator will administer the Notice, assist the class

members in completing Claim Forms, receive the Claim Forms by facsimile, electronically or by U.S. mail, and through the settlement website, track and provide notice to the Parties for any individual or entity opting out of the Settlement Class, and provide a list of accepted and rejected Claims and the total to be paid to each Claimant to counsel for the Parties. Upon request, the Settlement Administrator will provide copies of all Claim Forms to the Parties and their representatives. The decisions of the Settlement Administrator with respect to the validity of Claims shall be final and binding. All fees and costs of the Settlement Administrator, including the costs associated with paying third parties to provide  notice to the class, shall be paid out of the Settlement Fund as Administrative Costs.

 a. The Settlement Administrator will use adequate and customary procedures and standards to prevent the payment of fraudulent claims and to pay only Valid Claims. Such procedures include: (1) requiring manual entry of a unique class member identifier to submit a Claim via the Settlement Website; (2) screening for duplicate claims or Settlement Class Members seeking more than the maximum cash payment permitted by this Agreement; and (3) reviewing Claims for evidence of waste, fraud, and abuse.

 b. The Settlement Administrator may request additional information necessary to validate Claims and/or reject a Claim Form where there is evidence of abuse or fraud. The Settlement Administrator may also reject a Claim Form that does not contain all requested information necessary to screen the claim for fraud or abuse.

 c. The Settlement Administrator will mail payments (in check form) directly to the eligible Settlement Class Members.

 7. <u>Notice</u>. Notice of the settlement will be issued by the Settlement Administrator to the Database. The Parties will request that the Court approve the "Notice" in the form

attached hereto as Exhibit B, and request approval to send it by facsimile, and if unsuccessful after (3) attempts, by U.S. Mail by the Notice Date.

8.     <u>Payments to Settlement Class Members</u>.  Settlement Class Members will have 90 days from the date set for provision of Class Notice in the preliminary approval orders to submit claims. Claims may be submitted by facsimile, U.S. Mail, or electronically via the Settlement Website. Class Members who file Valid Claims shall receive up to $500 per fax. Any member of the Settlement Class who does not submit a Claim Form by the Claims Deadline, as shown by postmark or other identifiable date of transmission, shall receive no monetary payment from the Settlement Amount. All Settlement Class Members will be informed that checks containing payments must be cashed within 120 days of issuance or else the check will be void and they will have no further right or entitlement to any payment under the terms of this settlement. All funds from uncashed checks shall revert to Argonaut.

9.     <u>Final Approval</u>. The Preliminary Approval Order will set a date for a Final Approval Hearing. At the Final Approval Hearing, Plaintiff and Defendants will request that the Court enter the Final Judgment. The fact that the Court may require non-substantive changes in the Final Judgment will not invalidate this Agreement or the settlement. If the Court does not enter a Final Judgment substantially in the form of Exhibit D or a modified version thereof which is acceptable to all Parties, which becomes a final and non-appealable order, then this Agreement shall be null and void.

10.     <u>Incentive Award, Attorneys' Fees, and Expenses</u>.  Plaintiff shall be paid an Incentive Award from the Settlement Amount of Fifteen Thousand Dollars ($15,000.00) for representing the Settlement Class, subject to the Court's approval. In addition, Class Counsel shall be paid Two Million Five Hundred Sixty Thousand Eight Hundred Thirty-Three Dollars

and Thirty-Three Cents ($2,560,833.33) (one third of the Settlement Amount) as attorneys' fees from the Settlement Amount plus their reasonable out-of-pocket Attorneys' Expenses, subject to the Court's approval. Defendants will not object to a request for these amounts, nor will Defendants appeal any award of these amounts. The awarded amounts will be set forth in the Final Judgment and shall be paid from the Settlement Fund in accordance with paragraph 12 below.

In consideration of the settlement as described in this Release and Settlement Agreement, the Parties acknowledge and agree that if approved by the Court any attorneys' fees awarded to Class Counsel (or any other counsel to receive a portion of the attorney's fees pursuant to an agreement with Class Counsel) may request that its share of the attorneys' fees be paid by the Settlement Administrator to an assignment company. Either of Class Counsel (or any other counsel to receive a portion of the attorney's fees pursuant to an agreement with Class Counsel) may receive its attorney's fees in periodic payments according to the agreements. Should any of Class Counsel (or any other counsel to receive a portion of the attorney's fees pursuant to an agreement with Class Counsel) so elect, it will have no present right to payment of its attorney's fees by the Settlement Administrator. Prior to any payment by the Class Action Settlement Administrator to the assignment company, Class Counsel shall indemnify and hold harmless the Settlement Administrator.

12.     Payment of Claims, Incentive Award, and Class Counsel Fees. Fifteen (15) days after the latter of: (a) the Court enters the Final Judgment, substantially in the form of Exhibit 3 to this Agreement, or in a form agreed to by the Parties, dismissing with prejudice the claims of all Settlement Class members (including Plaintiff) who do not properly exclude themselves as provided in this Notice; or (b) if any Settlement Class member objected to the settlement, the

date on which the date for filing an appeal has expired or, if there are appeals, the date on which
the settlement and judgment has been affirmed in all material respects by the appellate court of
last resort to which such appeals have been taken and such affirmances are no longer subject to
further appeal or review, Argonaut, on behalf of Defendants, shall pay to Class Counsel the
Attorneys' Fees, Attorneys' Expenses, and Incentive Awards approved by the Court in its Final
Judgment by wire transfer to the Settlement Administrator, who shall be approved by the Court
as authorized to receive said payments, and who is permitted to enter into any and all
agreements with Class Counsel (or any other counsel to receive a portion of the attorney's fees
pursuant to an agreement with Class Counsel) and third parties to provide for such periodic
payment of fee awards.

In addition, thirty days after the latter of: (1) the Effective Date; or (2) the date on which
the Settlement Administrator provides the final number of approved Claims, Defendants shall
pay or cause to be paid to the Settlement Administrator a sum sufficient to cover the settlement
checks to Class Members. The Settlement Administrator shall issue checks in the appropriate
amounts to the Settlement Class Members who submitted timely, Valid Claims. Checks issued
to the Settlement Class members will be void 121 days after issuance.

13.    Releases. Subject to and effective upon entry of the Final Judgment, all Class
Members, including Plaintiff, who do not opt out of the proposed Settlement Class (the
Releasors) as required in the Class Notice, on their own behalf and on behalf of their heirs,
administrators, devisees, predecessors, successors, attorneys, representatives of any kind,
shareholders, partners, directors or owners of any kind, affiliates, subrogees, assignees, or
insurers, or anyone else acting on their behalf, for and in consideration of the terms and
undertakings herein, the sufficiency and fairness of which are acknowledged, release and

forever discharge the Released Parties from the Released Claims and Unknown Claims. This release does not apply to actions brought by the government.

14.     Class Enjoined. On the Effective Date, all Settlement Class Members who did not exclude themselves as required by the Notice (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partner, director or owner of any kind, affiliate, subrogee, assignee, or insurer) will be forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Released Parties for the Released Claims; and all persons and entities shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Released Parties on behalf of Settlement Class Members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or arises from the Released Claims. This injunction does not apply to actions brought by the government.

15.     Cooperation. The Parties agree to cooperate fully with one another to effect the consummation of this Agreement and to achieve the settlement provided for herein.

16.     Agreement Contingent Upon Entry of Final Approval.  This Agreement is contingent upon entry of the Final Judgment giving final approval to the all of the terms of this Agreement verbatim. If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Judgment granting approval is reversed on appeal, then this Agreement shall be null and void and neither the fact that this Agreement was made nor

any Agreement, representation, agreement, or assertion made in this Agreement may be used against any Party.

17.    Notices. Requests for exclusion, objections to the Agreement or settlement, and notices regarding rejected claims shall be sent to:

Phillip A. Bock                    Jason Mathers
Bock & Hatch, LLC                  Harvey Kruse, P.C.
Attn.: Lar-Bev Settlement          1050 Wilshire Dr., Suite 320
134 N. La Salle St., Suite 1000    Troy, MI 48084
Chicago, IL 60602                  *Counsel for Defendant*
*Class Counsel*

18.    Court Submission. Class Counsel will submit this Agreement and the Exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval of this Agreement.

19.    Integration Clause. This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

20.    Headings. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

21.    Binding and Benefiting Others. This Agreement shall be binding upon and inure to the benefit or detriment of the Parties and the Settlement Class Members who do not opt out, and to their respective agents, employees, representatives, trustees, officers, directors,

shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

22.     <u>Representations and Warranties</u>. The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the Party(ies) for which he or she is signing.

23.     <u>Governing Law</u>. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Michigan, without regard to its conflict of laws and/or choice of law provisions.

24.     <u>Mutual Interpretation</u>. The Parties agree and stipulate that this Agreement was negotiated on an arm's-length basis between Parties of equal bargaining power. Also, Class Counsel, counsel for Argonaut, and counsel for Defendants have drafted the Agreement jointly. Accordingly, no ambiguity shall be construed in favor of or against any of the Parties. Plaintiffs acknowledge, but do not concede or agree with, Defendants' statements regarding the merits of the claims, and Defendants acknowledge, but do not concede to or agree with, Plaintiffs' statements regarding the merits of the claims.

25.     <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and .pdf signatures shall bind the Parties to this Agreement as though they are original signatures.

26.     <u>Severability</u>. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written Agreement to be filed with the Court within fourteen (14) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

27.     <u>Continuing Jurisdiction</u>. Without affecting the finality of the Final Judgment, the Court shall retain continuing jurisdiction over the Litigation and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, the Final Judgment, hearing and determining an application by Class Counsel for an award of fees and expenses, and the distribution of settlement proceeds to the Settlement Class. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: 3/2/17

SHARI MACHESNEY, on behalf of herself and the Settlement Class

*Shari Machesney*

DATED: 3/2/17

PHILLIP A. BOCK, as Class Counsel

DATED: 3/2/17

JASON J. THOMPSON, as Class Counsel

*Jason J. Thompson / PAB*
*with express permission*

DATED: _____

LAR-BEV OF HOWELL, INC.

By: _____

Its: _____

DATED: _____

LAR-BEV, INC.

By: _____

Its: _____

DATED: _____

LAR-BEV-FENTON, INC.

_____

20

DATED: _____          SHARI MACHESNEY, on behalf of herself and the
                                  Settlement Class

_____

DATED: _____          PHILLIP A. BOCK, as Class Counsel

_____

DATED: _____          JASON J. THOMPSON, as Class Counsel

_____

DATED: 3/2/17                     LAR-BEV OF HOWELL, INC.

                                  By: _____

                                  Its: ____attorney_____

DATED: 3/2/17                     LAR-BEV, INC.

                                  By: _____

                                  Its: ____attorney_____

DATED: 3/2/17                     LAR-BEV-FENTON, INC.

                                  _____

DATED: 3/2/17          LAR-BEV-UNION LAKE, INC.

_____

DATED: 3/2/17          LAR-BEV-WATERFORD, INC.

_____

DATED: 3/3/17          ARGONAUT   GREAT   CENTRAL   INSURANCE
                       COMPANY

                       By: _____

                       Its: _____VICE   PRESIDENT_____

# EXHIBIT 1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SHARI MACHESNEY, individually and as the representative of a class of similarly-situated persons, | ) ) ) |
| | ) |
| Plaintiff, | )   No. 10 CV 10085 |
| | ) |
| v. | )   Hon. Sean F. Cox |
| | ) |
| LAR-BEV OF HOWELL, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

This matter coming before the Court on the parties' Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class" (the Joint Motion), after review and consideration of the Settlement Agreement, and after hearing statements of the parties' attorneys in open court on _____, 2017, and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1.     Pursuant to Federal Rule of Civil Procedure 23(e), the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Joint Motion, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

2.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), by stipulation of the parties, and for the purpose of settlement, the Court hereby certifies the following class:

> All persons or entities who were sent one or more faxes on November 28, 2005, November 30, 2005, February 14, 2006, or February 15, 2006, offering "KFC Catering Prices," including "200 HOT WINGS" for $79.99 and a variety of "KFC'S FAMOUS SIDE DISHES," and identifying and [sic] a "Complaint Hotline" number of (718) 645-2021 Ext. 232 or (718) 360-1330 ext. 232.

Excluded from the Settlement Class are Defendants and their Insurer, Argonaut Great Central Insurance Company, including any and all of their parents, subsidiaries, affiliates, or controlled persons, as well as their officers, directors, agents, servants, and employees, and the immediate family members of such individuals.

3.     The Court finds that certification for purposes of settlement is appropriate because: (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

4.     The Court appoints Shari Machesney as the representative of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a), and appoints APB's attorneys (Jason J. Thompson of Sommers Schwartz, P.C. and Phillip A. Bock

of Bock & Hatch, LLC) as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

5.     The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Federal Rule of Civil Procedure 23(e)(1). That plan is approved and adopted. This Court further finds that the Class Notice (attached to the Settlement Agreement as Exhibit 2) and the Claim Form included as part of the Class Notice comply with Federal Rule of Civil Procedure 23(e)(1), are appropriate as part of the notice plan, and are approved and adopted. The Court orders that the parties provide the notice to the Class as proposed.

6.     By this Order, the Court hereby orders that the Class Notice shall be sent by facsimile to the last known telephone fax number of each class member as reflected in the Database (Exhibit 4 to the Expert Report of Robert Biggerstaff dated March 24, 2009). The Class Notice and Claim Form shall also be made available on the Claims administrator's website. The Court finds and orders that no other notice is necessary.

7.     The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a)     Objections and motions to intervene shall be filed in this Court and postmarked and served on both Class Counsel and Defendants' counsel on or before _____, 2017, or be forever barred;

3

(b)     Memoranda regarding objections or motions to intervene must be filed in this Court, and postmarked and served on both Class Counsel and Defendants' counsel on or before _____, 2017, or be forever barred;

(c)     Requests by any Class member to opt out of the settlement must be submitted on or before _____, 2017, or be forever barred. The Court shall rule on all requests for exclusion or opt outs on _____, 2017, at _____ a.m./p.m.; and

(d)     Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than _____, 2017; and,

(e)     The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for _____, 2017, at _____ a.m./p.m. in Room ____.

BY ORDER OF THE COURT

_____
Honorable Sean Cox

Dated: _____

4

# EXHIBIT 2

**This is a notice of a lawsuit settlement.**
**You may benefit from this. Please read it carefully.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| SHARI MACHESNEY, individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | No. 10 CV 10085 |
| | ) | |
| v. | ) | Hon. Sean F. Cox |
| | ) | |
| LAR-BEV OF HOWELL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT WITH ATTACHED CLAIM FORM**

**TO:** **All persons or entities who were sent one or more faxes on November 28, 2005, November 30, 2005, February 14, 2006, or February 15, 2006, offering "KFC Catering Prices," including "200 HOT WINGS" for $79.99 and a variety of "KFC'S FAMOUS SIDE DISHES," and identifying and [sic] a "Complaint Hotline" number of (718) 645-2021 Ext. 232 or (718) 360-1330 ext. 232.**

The Court ordered us to send you this Notice because your fax number is contained on a list of fax numbers to which advertising faxes were sent and you appear to be a member of the Settlement Class defined above.

**A.    WHAT IS THIS LAWSUIT ABOUT?**

Plaintiff, Shari Machesney ("Plaintiff") filed this class action lawsuit against Lar-Bev of Howell, Inc., Lar-Bev, Inc., Lar-Bev-Fenton, Inc., Lar-Bev-Union Lake, Inc., and Lar-Bev-Waterford, Inc. ("Defendants"), alleging that they violated the federal Telephone Consumer Protection Act ("TCPA") by faxing unsolicited advertisements. Defendants denied Plaintiff's allegations and raised defenses to Plaintiff's claims. The parties have agreed to settle all claims about advertising faxes allegedly sent by or on behalf of Defendant on November 28, 2005, November 30, 2005, February 14, 2006, or February 15, 2006.  This notice informs you of your rights as a member of the Settlement Class as defined above.

**B.    WHAT IS THE PROPOSED SETTLEMENT?**

Defendants have created a total settlement fund of $7,698,500.00 (the "Settlement Fund") to pay valid class member claims, class action settlement administration costs, attorney's fees, costs, and expenses, an incentive award to Plaintiff. Class members submitting a valid and timely claim will be paid the lesser of $500.00 per fax successfully sent them or a *pro rata* share of the Settlement Fund after those other payments depending upon the number of claims the approximately 9,500 class members submit, regarding the approximately 15,000 faxes at issue.

The Court has preliminarily approved the proposed settlement, and certified the Settlement Class, defined above, subject to a final approval hearing that will occur on _____, 2017, at _____ a.m./p.m., in Room _ in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226.

**C.**     <u>**WHAT ARE YOUR FOUR OPTIONS**</u>?

**1.**     <u>**Submit a Proof of Claim (attached) to receive a check**</u>: You must submit a Claim Form postmarked, faxed, or electronically via **[website]** within ninety (90) days after this Notice is sent, (on or before _____, 2017) to be eligible to receive a settlement check.

**2.**     <u>**Do nothing**</u>: You will be bound by the judgment and, if the Court approves the settlement, you will release your claims. You will not receive a settlement check if you do not submit a Claim Form.

**3.**     <u>**Opt out of the settlement**</u>: You have the right to exclude yourself from both the class action and the settlement by mailing a written request for exclusion. Your request must be postmarked on or before _____, 2017, and it must list your name, fax number, street address, the name and number of this case, and it must state that you wish to be excluded (for example, "Exclude me from the Lar-Bev Settlement."). Mail your exclusion request to the both of the following attorneys, postmarked by that date, and they will notify the Court of your request:

<u>For Class Counsel:</u>              <u>Defendant's Attorneys:</u>
Phillip A. Bock                        Jason Mathers
Bock & Hatch, LLC                      Harvey Kruse, P.C.
Attn.: Bronco's Settlement             1050 Wilshire Dr., Suite 320
134 N. La Salle St., Ste. 1000         Troy, MI 48084
Chicago, IL 60602

**4.**     <u>**Object to the settlement**</u>: If you wish to object to the settlement rather than excluding yourself, you must file a written objection with the Civil Clerk's Office, United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. Your objection must be postmarked by _____, 2017, and must refer to the name and number of this case (*Machesney v. Lar-Bev of Howell, Inc.,* Case No. 10-CV-10085). You must also serve copies of your objection on both Class Counsel and Defendant's attorney (at the addresses above), postmarked by the same date. Your objection must include your name, fax number, street address, all attorneys who assisted you in the preparation and filing of your objection, a list of all other class action cases in which you or your counsel have filed objections to settlements, and a statement of the reasons why you believe the Court should find that the proposed settlement is not in the best interests of the Settlement Class. It is not sufficient to simply state that you object; you must state the reasons why you believe the settlement should not be approved. Additionally, if you want the Court to consider your objection, then <u>you must also appear</u> at the final approval hearing in Room ____ in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226, on _____, 2017, at _____ a.m./p.m. <u>YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU OBJECT TO THE SETTLEMENT</u>.

**D.**     <u>**WILL THE COURT APPROVE THE SETTLEMENT**</u>?

The Court will hold a final fairness hearing to decide whether to approve the settlement on _____, 2017, at _____ a.m./p.m., in Room ____ in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. At that hearing, the Court will hear any timely and properly-filed objections and arguments about the settlement. You are **not** required to attend this hearing unless you object to the settlement. The hearing may be continued to a future date without further notice.

**E.**     <u>**WHO REPRESENTS THE SETTLEMENT CLASS IN THIS LITIGATION**</u>?

Plaintiff Shari Machesney is the class representative. Plaintiff's attorneys have been appointed as Class Counsel. They are: Phillip A. Bock of Bock & Hatch, LLC and Jason J. Thompson of Sommers Schwartz, P.C. These attorneys have litigated this matter on a contingency basis. As part of the settlement, Class Counsel will request that the Court award Plaintiff an incentive award of $15,000 for serving as the class representative and ask the Court to award Class Counsel attorney's fees equal to one-third of the settlement fund for their legal services ($2,566,166.67), plus expenses also from the settlement fund. You will not have to pay any money to Class Counsel.

**F.      INQUIRIES:**

If you have specific questions, you can write to Class Counsel at one of the addresses listed above. Include the case number, your name, your fax number, and your current street address on any correspondence. You may also call attorney Phillip A. Bock, one of the lawyers for the Class, at 312-658-5501.

Please do not contact the Clerk of the Court, the Judge, or the Judge's staff because they cannot answer your questions or give you advice about this settlement.

**BY ORDER OF THE COURT**
**HONORABLE SEAN COX**

**PROOF OF CLAIM**
**Shari Machesney v. Lar-Bev of Howell, Inc., et al, Case No. 10 CV 10085**

Fax Number:  <populated by administrator>

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund*:

**1.**     **You Must Provide Your Contact Information.**

Name:  _____

Company:  _____

Address:  _____

City/State/Zip Code:  _____

Fax Number(s):  _____
[List All Numbers]

**2.**     **You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**

(a)     "The fax number(s) listed above was/were assigned to me or my company throughout the period from November 28, 2005 to February 15, 2006."

_____
(Sign your name here)

**OR**

(b)     The fax number(s) listed above was/were **not** assigned to me or my company throughout the period from November 28, 2005 to February 15, 2006.  Explain when you obtained the fax number(s) listed in #1 above:

_____
_____
_____

_____
(Sign your name here)

**3.**     **You Must Return this Claim Form by [90 days]_____, 2017:**

(a)     Fax this Claim Form to:  <fax number for claims >

        **OR**

(b)     Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]

        **OR**

(c)     Submit this claim form electronically at **[website]**

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

SHARI MACHESNEY, individually and )
as the representative of a class of )
similarly-situated persons, )
                             )
                 Plaintiff, )   No. 10 CV 10085
                             )
       v. )   Hon. Sean F. Cox
                             )
LAR-BEV OF HOWELL, INC., et al., )
                             )
               Defendants. )

## <u>FINAL APPROVAL ORDER</u>

The matter coming before the Court on the request for final approval of the class action settlement by Plaintiff Shari Machesney and Defendants Lar-Bev of Howell, Inc., Lar-Bev, Inc., Lar-Bev-Fenton, Inc., Lar-Bev-Union Lake, Inc., and Lar-Bev-Waterford, Inc.due notice given, the parties appearing through counsel, and the Court fully advised in the premises, **IT IS HEREBY ORDERED**:

1.     This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.     Pursuant to Federal Rule of Civil Procedure 23(e), the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case.

3.     The Settlement Class is defined as follows: "All persons or entities who were sent one or more faxes on November 28, 2005, November 30, 2005, February 14, 2006, or February 15, 2006, offering "KFC Catering Prices," including "200 HOT WINGS" for $79.99 and a variety of "KFC'S FAMOUS SIDE DISHES," and identifying and [sic] a "Complaint Hotline" number of (718) 645-2021 Ext. 232 or (718) 360-1330 ext. 232." Excluded from the Settlement Class are Defendants and their Insurer, Argonaut Great Central Insurance Company, including any and all of their parents, subsidiaries, affiliates, or controlled persons, as well as their officers, directors, agents, servants, employees,and the immediate family members of such individuals.

4.     The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

5.     Upon the Declaration of _____, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule of Civil Procedure 23(e)(1).

6.     Upon the Affidavit of _____, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

7.     ____ objections were received. All objections are overruled.

8.     The following persons validly requested exclusion from the Settlement Class and the settlement: _____.

2

9.     After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense, and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations, and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate, and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate, and reasonable. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him, her, or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

10.     Defendants have created a settlement fund (the Settlement Fund) of $7,698,500.00 to pay valid class member claims, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff as determined and awarded by this Court. Unclaimed monies in the Settlement Fund shall revert back to Defendants' Insurer.

11.     As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will be mailed a check not to exceed $500 from the Settlement Fund. The Claims Administrator will

3

cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class members will be void 181 days after issuance.

12.   As agreed between the parties, the Court approves Class Counsel's attorneys' fees in the total amount of $2,566,166.67 plus out-of-pocket expenses. Those amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement. Class Counsel (or any other counsel to receive a portion of the attorney's fees pursuant to an agreement with Class Counsel) may request that its share of the attorneys' fees be paid to it in the form of periodic payments in lieu of a lump sum payment. Either of Class Counsel (or any other counsel to receive a portion of the attorney's fees pursuant to an agreement with Class Counsel) may receive its attorneys' fees in periodic payments according to the agreements. Should any of Class Counsel (or any other counsel to receive a portion of the attorney's fees pursuant to an agreement with Class Counsel) so elect, it will have no present right to payment of its attorneys' fees. Bock, Hatch, Lewis & Oppenheim, LLC, by this Order, is permitted to enter into any and all agreements with the attorneys and third parties to provide for such periodic payment of the fee award. Any portion of the attorneys' fees may be paid to an assignment company. The Court authorizes Bock, Hatch, Lewis & Oppenheim, LLC to execute the necessary documents to effectuate the fee deferral.

13.   As agreed between the parties, the Court approves a $15,000 incentive award to Shari Machesney for serving as the Class Representative. In accordance

4

with the Settlement Agreement, that amount shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement.

14.     The Court expressly adopts and incorporates herein all of the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

15.     This action, including all claims against Defendants asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendants are hereby dismissed with prejudice and without taxable costs to any Party.

16.     All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her, or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendants and their Insurer, in this Court or any other court or forum.

17.     If: (a) the Settlement Agreement is terminated pursuant to its terms; or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective; or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in

5

accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and be deemed vacated.

18.    The Court retains jurisdiction for 180 days over this action, Plaintiff and all members of the Settlement Class, and Defendants to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation, or enforcement. The Court further retains jurisdiction to enforce this Order.

19.    The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Judgment.

                                        BY ORDER OF THE COURT

Dated: _____          _____
                                        Honorable Judge Sean Cox